UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ALONZO GEORGE WHITE                                    CIVIL ACTION

VERSUS                                                 NUMBER: 14-2131

MARLIN GUSMAN, ET AL.                                  SECTION: "C"(5)

### REPORT AND RECOMMENDATION

This 42 U.S.C. §1983 proceeding was filed *in forma pauperis* ("IFP") by *pro se* Plaintiff, Alonzo George White, against Defendants, Marlin N. Gusman, Sheriff of Orleans Parish, and, ostensibly, Major Bonita J. Pittman of the Orleans Parish Sheriff's Office ("OPSO").

Plaintiff is an inmate of Templeman Phase V, a penal facility within the Orleans Parish Prison ("OPP") system.  As his statement of claim herein, Plaintiff alleges only as follows:

> There's only cold water to shower in and some shower heads leak and run allday.  Mildew and mold growing everywhere and the water is not clean or purified to drink.
>
> I'm asking for money damages.

> (Rec. doc. 1, p. 4).

On page six of the standardized §1983 complaint form where Plaintiff was asked to specify the relief that he is seeking he simply requests a "[r]eward and grant this lawsuit." (Rec. doc. 1, p. 6).  By way of an attachment to his complaint denominated "Arguement," Plaintiff additionally complains that only certain cleaning supplies are allowed within the jail in which can be found standing water, flooded toilets and sinks, vermin infestation, and

dank air.  (Rec. doc. 1, p. 7).  In yet another attachment titled "Statement of Jurisdiction," Plaintiff cites 42 U.S.C. §1983, 28 U.S.C. §§1331 and 1343, and 28 U.S.C.A §2201 in support of his request for ". . . a declaratory." (*Id.* at p. 8).

Plaintiff has instituted suit herein IFP pursuant to 28 U.S.C. §1915.  A proceeding brought IFP may be dismissed as frivolous under §1915(e)(2)(B)(i) if the claim alleged therein has no arguable basis in law or fact, *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993), or if it fails to state a claim upon which relief can be granted.  28 U.S.C. §1915(e)(2)(B)(ii).  *See also* 28 U.S.C. §1915A(b), 42 U.S.C. §1997e(c).  Giving the instant complaint a liberal reading, it is the recommendation of the Magistrate Judge that this matter be dismissed as frivolous and for failing to state a claim upon which relief can be granted.

The Constitution does not require that inmates be housed in comfortable prisons, only that they be afforded humane conditions of confinement and reasonably adequate food, shelter, clothing, and medical care.  *Herman v. Holiday*, 238 F.3d 660, 664 (5th Cir. 2001)(citing *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970 (1994)).  In order to establish a constitutional violation as a result of inadequate conditions of confinement, an inmate must demonstrate, first, that he was deprived of the minimal civilized measure of life's necessities or some basic human need and, second, that prison officials acted out of deliberate indifference to the inmate's health or safety.  *Id.  See also Taylor v. Woods*, 211 Fed.Appx. 240, 241 (5th Cir. 2006); *Pittman v. Allison*, No. 08-CV-0328, 2010 WL 2736961 at *3 (S.D. Miss. July 9, 2010).  "Deliberate indifference is established by showing that the defendant officials '(1) were aware of facts from which an inference of excessive risk to the prisoner's health or safety could be drawn and (2) that they actually drew an inference that

such potential for harm existed.'" *Herman*, 238 F.3d at 664 (quoting *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998)).

Moreover, because the doctrine of *respondeat superior* has no place in §1983 proceedings like this one, a supervisory official like the Sheriff would only be liable if he ". . . was personally involved in the acts causing the deprivation of . . . [plaintiff's] constitutional rights or that a causal connection exists between an act of the official and the alleged constitutional violation." *Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir. 1981); *Howard v. Gusman*, No. 11-CV-2602, 2011 WL 6130763 at *1-2 (E.D. La. Nov. 17, 2011), *adopted*, 2011 WL 6148592 (E.D. La. Dec. 8, 2011). "Plaintiffs suing governmental officials in their individual capacities . . . must allege specific conduct giving rise to a constitutional violation. This standard requires more than conclusory assertions: The plaintiff must allege specific facts giving rise to a constitutional violation." *Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002)(citation omitted).

Other than identifying the Sheriff as a defendant in the caption of and again on page four of his complaint, Plaintiff's principal pleading contains no allegations whatsoever that the Sheriff was personally involved or was even aware of the matters of which he complains herein. Without such personal involvement, the Sheriff cannot be held liable in his individual capacity as that is an essential element of a civil rights cause of action. *Allen v. Gusman*, No. 05-CV-1633, 2006 WL 286007 at *3 n. 8 (E.D. La. Feb. 2, 2006)(citing *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983)). Any purported §1983 claim against the Sheriff in his official capacity fares no better as Plaintiff makes no showing that the Sheriff violated his clearly established constitutional rights with subjective deliberate

indifference and that the violation resulted from a policy or custom adopted or maintained with objective deliberate indifference.  *Allen*, 2006 WL 286007 at *3 n. 8 (citing *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 528-29 (5th Cir. 1999)).  As such, Plaintiff's complaint fails to state a claim against the Sheriff upon which relief can be granted. *Howard*, 2011 WL 6130763 at *2.

With respect to Major Pittman, although she is identified as a defendant in the caption of Plaintiff's complaint, she is not listed as such on page four where he was asked to provide employment and service information for each of the defendants nor is there any mention of her in Plaintiff's statement of claim.  (Rec. doc. 1, pp. 1, 4).  Rather, the extent of her involvement can be gleaned from two other submissions from Plaintiff.  First, attached to Plaintiff's complaint is a document denominated "Declaration of Grievance" which appears to be a handwritten copy of a grievance that he may have initiated within the OPP inmate grievance program.  (Rec. doc. 1, pp. 10-11).  That document reads, in pertinent part, as follows:

> Major:        Are there cleaning supplies in this building that can get rid of
>                     the mold and mildew and the rust on table's.
>
> Response
> Bonita J. Pittman
>
>                     Cleaning supplies are issued on Wednesdays.
>
>                                                                                       (*Id.*).

The second submission from Plaintiff that touches upon Major Pittman's involvement appears on the second page of the motion for "Appointment of Counsel" that he filed on September 12, 2014.  (Rec. doc. 3, p. 2).  There, Plaintiff wrote as follows:

Major:       We have a leaking toilet that leave's a loud lingering urine smell that's a constant problem.  Im only asking that the problem be addressed.  Thank's.

Response
Bonita J. Pittman

Our record's show's that the plumber's arrived today to fix the leaky toilet.

(*Id.*)

Although the dates of Plaintiff's purported grievances and Major Pittman's responses to same are not clearly reflected by these two submissions, assuming that such exchanges did in fact occur suffice it to say that the Major's responsive replies belie any claim of deliberate indifference on her part.  "'Deliberate indifference' is a stringent standard of fault, one which requires proof that a municipal actor disregarded a known or obvious consequence of his action."  *Ford v. Gusman*, No. 11-CV-2950, 2012 WL 2567063 at *8 (E.D. La. May 11, 2012), *adopted*, 2012 WL 2567034 (E.D. La. July 2, 2012)(citing *Board of the County Commissioners of Bryan County, Oklahoma v. Brown*, 520 U.S. 397, 410, 117 S.Ct. 1382, 1391 (1997)).  It has been equated with a "subjective recklessness" as that term is used in criminal law.  *Norton v. Dimazana*, 122 F.3d 286 291 (5th Cir. 1997).

The allegations made by Plaintiff fall far short of establishing the subjective and objective components of deliberate indifference that are needed to prevail on an Eighth Amendment claim.  "Admittedly, there is a point beyond which a prison's conditions are so unsatisfactory as to render them unconstitutional."  *Hawkins v. Gusman*, No. 10-CV-1178, 2011 WL 1527218 at *3 (E.D. La. Apr. 1, 2011), *adopted*, 2011 WL 1527021 (E.D. La. Apr. 20, 2011)(citing *Gates v. Cook*, 376 F.3d 323, 338 (5th Cir. 2004)(confinement in "'extremely

5

filthy' [cells] with crusted fecal matter, urine, dried ejaculate, peeling and chipping paint, and old food particles on the walls" was unconstitutional)).   The conditions alleged by Plaintiff, while less than optimal, do not rise to that level.   In any event, Plaintiff's request for compensatory damages for the jail conditions of which he complains is foreclosed by 42 U.S.C. §1997(e)e as he makes no allegation that he suffered any physical injury.  *Herman*, 238 F.3d at 666 (dismissal of claims for damages for cold showers, cold food, unsanitary dishes, insect problems, a lack of adequate clothing, and the presence of an open "cesspool" near the housing unit appropriate where no physical injury alleged).  *See also Marshall v. Allison*, No. 08-CV-1387, 2011 WL 601178 at *4 (S.D. Miss. Feb. 11, 2011)(quoting *Herman*, 238 F.3d at 664)(drinking water that appeared to be unclean, lack of cleaning supplies on weekends, mold on walls and in showers, dusty air vents, and inadequate personal hygiene items do not result in denial of "minimal civilized measure of life's necessities").

## **RECOMMENDATION**

For the foregoing reasons, it is recommended that Plaintiff's suit be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(i) and (ii).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this __17th__ day of _____October_____, 2014.

_____
MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE